IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Bobbie Jean Ellison,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting<br>Commissioner of Social Security<br>Administration,<br><br>    Defendant. | C/A No.: 1:13-2772-SVH<br><br><br><br><br>ORDER |

  This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff initially requested $4,181.43 in attorney's fees and expenses on the ground that she is a prevailing party under the EAJA. [Entry #18]. Defendant submits that Plaintiff seeks compensation for certain administrative tasks that are not compensable under the EAJA and requests that Plaintiff's attorney fee award be reduced to no more than $3,228.93. [Entry #19 at 11]. Plaintiff filed a reply to Commissioner's response in which Plaintiff agreed to reduce her billing by 3.5 hours to 24.25 hours, for a total award request of $3,656.43. [Entry #20]. For the reasons set forth below, the court grants Plaintiff's motion for attorney fees, but reduces the fee to $3,506.43, to represent 23.25 hours of attorney time and $18.93 in expenses.

I. Procedural Background

  On May 28, 2010, Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in which she alleged her

disability began on November 19, 2009. Tr. at 64, 65, 122–128, 128–133. Her applications were denied initially and upon reconsideration. Tr. at 70–74, 78–79. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an unfavorable decision. Tr. at 19–36. In her decision, the ALJ found Plaintiff had not been under a disability since the date the application was filed. Tr. at 30. Applying the five-step sequential process, the ALJ found that Plaintiff had severe impairments of mild cervical degenerative disc disease; osteoarthritis of the hands; bilateral hand and wrist pain; and was status post-left carpal tunnel release. Tr. at 24. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. part 404, subpart P, appendix 1. Tr. at 26. Further, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), except that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; frequently handle and finger with her left non-dominant hand with unlimited assistance from her right dominant hand; never climb ladders, ropes, and scaffolds; occasionally crawl; frequently climb ramps and stairs, balance, crouch, stoop, and kneel; and must avoid concentrated exposure to hazards. Tr. at 27. Finally, the ALJ determined that Plaintiff was unable to perform any past relevant work, but that jobs existed in significant numbers in the national economy that she could perform. Tr. at 29–30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 9–12. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on October 10, 2013. [Entry #1]. Plaintiff alleged several errors committed by the ALJ, including that the ALJ failed to consider the combined effect of all of Plaintiff's impairments, that the ALJ erred in determining Plaintiff's residual functional capacity, and that the ALJ did not properly consider the opinions of Plaintiff's treating physicians. [Entry #14]. Defendant filed a motion for entry of judgment with order of remand pursuant to sentence four of 42 U.S.C. § 405(g) on April 18, 2014. [Entry #15]. The undersigned issued an order of reversal with remand of the cause to the Commissioner for further administrative proceedings on April 22, 2014. [Entry #16].

II.     Discussion

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

3

Even where the Court finds that the Commissioner's position was not substantially justified, Plaintiff is entitled to EAJA compensation only for a reasonable amount of legal work.  *See* 28 U.S.C. § 2412(d)(2)(A) (authorizing award of "reasonable" fees and other expenses); *Gough v. Apfel*, 133 F. Supp. 2d 878, 880 (W.D.Va. 2001). "Although counsel are entitled to full compensation for their efforts, '[i]t does not follow that the amount of time *actually* expended is the amount of time *reasonably* expended." *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986) (emphasis and alteration in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)).  "Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees."  133 F. Supp. 2d at 880 (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989); *In re General Motors Corp.*, 110 F.3d 1003, 1024 (4th Cir. 1997)).  "However, there are many activities which fall into the 'gray area' of tasks which may appropriately be performed by either an attorney or a paralegal."  *Id.*; see 491 U.S. at 288 n. 10; 109 S. Ct. 2463.  Plaintiff bears the burden of showing that the hours claimed under the EAJA are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983).

"The EAJA does not prohibit compensation for time expended in preparation for the filing of a civil action."  133 F. Supp. 2d at 880 *citing Kyser v.Apfel*, 81 F. Supp. 2d 645, 647 (W.D.Va. 2000); *Pollgreen v. Morris*, 911 F.2d. 527, 536 (11th Cir. 1990).  The court recognizes the duty of counsel to familiarize himself with the record before determining to go forward and will compensate counsel for necessary and reasonable pre-complaint activities.  *Id.*

4

Because this court remanded the claim pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not make a substantial justification argument. However, the Commissioner does argue that Plaintiff's attorney's fee should be reduced to no more than $3,228.93 for 21.4 hours of attorney work and $18.93 in expenses. The Commissioner argues that Plaintiff failed to meet her burden of showing that the requested EAJA fees are both compensable and reasonable. [Entry #19 at 2].

Plaintiff has agreed to cut her fees for client conferences on August 13, 2013, and August 20, 2013, for letters and forms on August 22, 2013, for filing the summons and complaint on October 10, 2013, for reviewing the order referring the case to the undersigned on October 16, 2013, for filing the certificate of service and for reviewing the summons returned on November 25, 2013, and for filing Plaintiff's brief on March 17, 2014. [Entry #20 at 2–5]. In accordance with Defendant's suggestion, Plaintiff has also agreed to reduce her time to 0.25 hour for preparing the certificate of service. [Entry #19 at 8, Entry #20 at 4].

The disputed entries are for telephone calls to the Florence Social Security office on August 29, 2013, September 3, 2013, September 4, 2013, and September 12, 2013; a fax sent to the Florence Social Security office on September 5, 2013; review of the summons and complaint issued on October 11, 2013; letters to Eric Holder, Office of Regional Chief Counsel, and United States Attorney on October 11, 2013, review of answer with transcript on February 10, 2014; response to emails from U.S. District Court on April 8, 2014; and review of emails from U.S. District Court on April 14, 2014.

The undersigned awards Plaintiff fees for review of the summons and complaint issued and for the three letters drafted on October 11, 2013, but reduces Plaintiff's time from two to one hour based on reasonableness. The summons and complaint issued is a two-page document. The letters drafted were sent to three different parties, but the undersigned assumes that one letter was drafted and that the salutations and addresses were changed in the subsequent letters. Therefore, the undersigned concludes that one hour is a reasonable amount of time to review the summons and complaint issued and draft the three letters.

After considering the explanation in Plaintiff's response to Defendant's objection, the undersigned accepts Plaintiff's argument that EAJA fees should be awarded for calls and a fax to the Florence Social Security office accounting for 1.25 hours of attorney time. Plaintiff's attorney indicates that these efforts were made in an attempt to obtain a copy of the file for her to review the record before filing the complaint. The undersigned finds that the one hour of attorney time for four telephone calls to the administrative agency seems reasonable. While the sending of a fax would generally be considered a clerical activity, because Plaintiff's attorney explained that she had to complete and fax a form to the Social Security office, this is more than clerical activity and is compensable as part of her effort to familiarize herself with the case.

The undersigned agrees to award Plaintiff the requested fees for review of Defendant's answer and the transcript on February 10, 2014, and for review and responses to emails on April 8, 2014, and April 14, 2014, in light of Plaintiff's explanation in Plaintiff's response to Defendant's objections.

III.     Conclusion

For the foregoing reasons, the court does not find any special circumstances that make an award of attorney's fees unjust.  Accordingly, the court grants Plaintiff's motion and directs the Commissioner to pay Plaintiff $3,506.43. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

IT IS SO ORDERED.

July 28, 2014                                                        Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge